*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BILLIE ERNEST FULKERSON,

Defendant-Appellant.

UNPUBLISHED
May 28, 2020

No. 346888
Livingston Circuit Court
LC No. 15-022541-FC

Before: RONAYNE KRAUSE, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right the sentences imposed upon him after his jury trial convictions of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration with person under 13 years of age), and one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with person under 13 years of age). We affirm.

Defendant was convicted of sexually abusing his granddaughter. The trial court sentenced defendant to concurrent prison terms of 20 to 40 years for his CSC-I convictions and 10 to 15 years for his CSC-II conviction. Defendant appealed as of right, and this Court affirmed his convictions but vacated his sentences and remanded for resentencing on the basis of scoring error that altered the applicable guidelines range. *People v Fulkerson*, unpublished per curiam opinion of the Court of Appeals, issued December 26, 2017 (Docket No. 329887), p 1. On remand, the trial court resentenced defendant to a prison term of 18 years and nine months to 40 years for his CSC-I convictions and a prison term of 10 to 15 years for his CSC-II conviction. Defendant now appeals those sentences, asserting that they are disproportionate and unreasonably long in context of his age of 85 and his poor and declining health (defendant has congestive heart failure, diabetes, and prostate cancer, and has been hospitalized while incarcerated since September 2016). We disagree.

We review the reasonableness of a sentence for an abuse of discretion. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). However, this Court is required to review a defendant's sentence for reasonableness only if the trial court imposed a departure sentence. *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). A sentence within the

-1-

guidelines range is "presumptively proportionate." *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019).

Defendant acknowledges that his minimum sentence of 18 years and nine months is within the applicable guidelines range. "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals *shall* affirm that sentence and *shall* not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10) (emphasis added). See also *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Defendant does not argue that the trial court improperly scored the prior record or offense variables after this Court remanded for resentencing, nor does he contend that the trial court relied on any inaccurate information in determining defendant's sentence. Accordingly, because defendant's minimum sentence falls within the guidelines range, we must affirm the sentence. *Anderson*, 322 Mich App at 636.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Deborah A. Servitto
/s/ James Robert Redford